UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH HALPER-ASEFI; MARY CONOBOY; NESTOR MONTE, JR.<br><br>*on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>    v.<br><br>MADONNA LOUISE CICCONE; LINCOLN HOLDINGS, LLC D/B/A MONUMENTAL SPORTS & ENTERTAINMENT<br><br>Defendants. | Case No. 1:24-cv-01118-RC |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Madonna Louise Ciccone and Lincoln Holdings, LLC d/b/a Monumental Sports & Entertainment (together, "Defendants") respectfully submit this Notice of Supplemental Authority (the "Notice") to inform the Court of the November 13, 2024 order in *Christopher Casanova v. Madonna Louise Ciccone et al.*, Case No. 2024-125126-SP-05 (Miami-Dade Cty. Ct. Nov. 13, 2024), entering judgment for defendants. A copy of Judge Michaelle Gonzalez-Paulson's order (the "Order") is attached as Exhibit 1.

The *Casanova* case, which was filed by counsel representing Plaintiffs in this matter, involved the same issues presented here: whether Madonna and a concert venue engaged in false or misleading advertising with respect to the start time and temperature of a Madonna concert. Consistent with Defendants' arguments in support of their Motion to Dismiss (ECF Nos. 16, 32), the Order states:

> [R]easonable concertgoers do not expect the headline act at a major arena concert to take the stage at the ticketed event time. Rather, they understand that the venue will open at or before the ticketed time, that one or more opening acts may perform before the headline act takes the stage while concertgoers enter the arena and make

> their way to their seats…, that there may be set changes in between acts, and that the headline act may take the stage later in the evening.

Ex. 1, ¶ 18. The Order notes that consumers were "on notice of the Ticketmaster Terms of Use governing their tickets that said the event time could change and that there could be opening acts of an unknown duration." *Id.* ¶ 32. The Order also rejects plaintiff's temperature-related claim because temperature preferences are "inherently subjective" and therefore do not give rise to a cognizable legal claim. *Id.* ¶ 26.

Dated: November 26, 2024                                  Respectfully submitted,

*/s/ Erica Taylor Jones*
Erica Taylor Jones
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue NW STE 600,
Washington, DC 20004
Telephone: 202.416.6861
ejones@proskauer.com

Sandra A. Crawshaw-Sparks*
David A. Munkittrick*
Jeffrey H. Warshafsky*
Q. Jennifer Yang*
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Telephone: 212.969.3915
scrawshaw@proskauer.com
dmunkittrick@proskauer.com
jwarshafsky@proskauer.com
jyang@proskauer.com

*Attorneys for Defendants*
*Admitted pro hac vice